IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LEOBARDO BAROCIO DE JESUS,<br><br>    Defendant.<br>_____ / | No. CR 04-00215 JSW<br>(No. C-06-206-JSW)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATE OF APPEALABILITY** |

Before this Court is movant Leobard Barocio De Jesus' ("Barocio") motion for a certificate of appealability from this Court's Order denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 24, 2004, Barocio was indicted on one count of Illegal Re-entry after Deportation in violation of 8 U.S.C. § 1326. On July 8, 2004, he pled guilty to the charges pursuant to a written plea agreement under Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C). (Opp. Br., Ex. A (Plea Agreement).)

Under the terms of the Plea Agreement, the parties agreed that the adjusted offense level was 21, and also agreed that Barocio should be sentenced at the low-end of the applicable Guideline range. (Ex A., ¶ 7.) The parties did not agree on the appropriate criminal history category.

Pursuant to the terms of the Plea Agreement Barocio also waived his right to appeal his conviction, the judgment and any orders of the Court, but reserved the right to appeal the calculation of his Criminal History Category. (*Id.*, ¶ 4.) Barocio also waived any rights to

collaterally attack his conviction or sentence, except on the grounds that his constitutional right to the effective assistance of counsel was violated. (*Id.*, ¶ 5.) The Plea Agreement was translated into Spanish for Barocio by a certified interpreter, who certified that Barocio told her that he understood it and that she believed his answer was true and correct. (*Id.* at p. 6.)

On September 13, 2004, the United States Probation Department issued its Pre-Sentence Report. The probation officer concluded that Barocio had a total of eleven criminal history points and thus fell within Criminal History Category V. The probation officer calculated the criminal history points by including two additional points for Barocio's 1997 convictions, based on the theory that they involved two separate crimes of violence.

On October 28, 2004, at Barocio's request, this Court relieved Barocio's counsel, Federal Public Defender Barry Portman, and appointed Miranda Kane, Esq. to represent the defendant.

On December 9, 2004, this Court ruled that Barocio had a total of nine criminal history points, which placed Barocio in Criminal History Category IV with an applicable Guideline range of 57-71 months. The Court advised Barocio that it would not sentence him outside of the Guideline range, but stated that it was not inclined to follow the parties' recommendation to sentence him at the low-end of the range (*Id.*) Accordingly, the Court also advised Barocio that he had the right to withdraw from the Plea Agreement and allowed him additional time to discuss alternatives with counsel.

In a letter dated December 23, 2004, Barocio through counsel, informed the Court that he intended to go forward with sentencing, and on January 6, 2005, at the sentencing hearing, Barocio waived his right to withdraw from the Plea Agreement in open court.

The Court also permitted Barocio's new counsel, Ms. Kane, to submit a supplemental sentencing memoranda, in which she argued why the Court should follow the parties' agreed upon recommendation. Based on the arguments of Barocio's counsel, the Court sentenced Barocio to 60 months imprisonment, three months longer than the low-end of the Guideline range provided.

On June 7, 2005, Barocio filed a letter that was treated as an untimely Notice of Appeal. On November 11, 2005, after briefing by Barocio's counsel acknowledging that no basis for jurisdiction existed, the Ninth Circuit dismissed the appeal.

On January 9, 2006, moved pursuant to 28 U.S.C. § 2255 to vacate his sentence, arguing that his counsel was ineffective for: (1) failing to file a Notice of Appeal; (2) inadequately advising him with respect to the plea agreement; and (3) failing to investigate beyond the information provided in the PSR.

On June 7, 2006, this Court denied Barocio's motion on the merits. On July 3, 2006, Barocio filed a notice of appeal.

## ANALYSIS

**A.     Legal Standard.**

Pursuant to 28 U.S.C. § 2255, "[a]n appeal may be taken to the court of appeals from the order entered on the motion [to vacate] as from a final judgment on application from a writ of habeas corpus."  A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c).  A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  The certificate must indicate which issues satisfy this standard.  *See id.*; 28 U.S.C. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* at 484.  This requires an overview of the claims in the petition and a general assessment of their merits.  It does not require full consideration of the factual or legal bases adduced in support of the claims.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Nor does it require a showing that the appeal will succeed.  *Id.*; *accord Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (issuance of COA is not precluded merely because petitioner

3

1 cannot meet standard for actually obtaining habeas relief). The question is the debatability of
2 the underlying claim, not the resolution of that debate. *Miller-El*, 537 U.S. at 342.

3   Except for substituting the word "constitutional" for the word "federal," section
4 2253(c)(2) codified the standard announced by the United States Supreme Court in *Barefoot v.*
5 *Estelle*, 463 U.S. 880, 892-93 (1983). *Slack*, 529 U.S. at 483. In *Barefoot*, the Supreme Court
6 explained that "a substantial showing of the denial of [a] federal right" means that a petitioner
7 "must demonstrate that the issues are debatable among jurists of reason; that a court *could*
8 resolve the issues [in a different manner], or that the questions are adequate to deserve
9 encouragement to proceed further." *Id.* (citations and internal quotations omitted; emphasis in
10 original).

11   The COA must indicate which issues satisfy the section 2253(c)(3) standard, and the
12 Court of Appeals is limited to considering only those claims. *Hivala v. Wood*, 195 F.3d 1098,
13 1103 (9th Cir. 1999).

14 **DISCUSSION**

15   The Court recognizes that in ruling on the request for a COA, Barocio need not
16 demonstrate that he will succeed on appeal. After again considering the record in this matter,
17 the Court remains fully satisfied that Barocio's motion was properly denied for the reasons set
18 forth in its Order denying the motion. The Court concludes that Barocio has not
19 "demonstrate[d] that reasonable jurists would find the district court's assessment of the
20 constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

21 **CONCLUSION**

22   For the foregoing reasons, Barocio's motion for a certificate of appealability is
23 DENIED.

24   **IT IS SO ORDERED.**

25
26 Dated: July 7, 2006

              _/s/ Jeffrey S. White_
              JEFFREY S. WHITE
              UNITED STATES DISTRICT JUDGE

27
28